## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| DOMS MARKET LLC | Case No. 24-11010 (TMH) |
| Debtor. | EIN:  84-1747198 |
| In re: | Chapter 7 |
| DOMS MARKET HOLDCO INC. | Case No. 24-11011 (TMH) |
| Debtor. | EIN:  84-4499666 |
| In re: | Chapter 7 |
| FOXTROT HOLDINGS TEXAS, INCORPORATED | Case No. 24-11012 (TMH) |
| Debtor. | EIN:  83-3831903 |
| In re: | Chapter 7 |
| FOXTROT INTERMEDIATE TEXAS, INCORPORATED | Case No. 24-11013 (TMH) |
| Debtor. | EIN:  83-3803695 |
| In re: | Chapter 7 |
| FOXTROT RETAIL INCORPORATED | Case No. 24-11014 (TMH) |
| Debtor. | EIN:  83-1628447 |
| In re: | Chapter 7 |
| FOXTROT RETAIL DC, LLC | Case No. 24-11015 (TMH) |
| Debtor. | EIN:  84-2583091 |

| | |
|---|---|
| In re: | Chapter 7 |
| FOXTROT RETAIL FLORIDA, LLC | Case No. 24-11016 (TMH) |
| Debtor. | EIN: 88-3527444 |
| In re: | Chapter 7 |
| FOXTROT RETAIL TEXAS, INCORPORATED | Case No. 24-11017 (TMH) |
| Debtor. | EIN: 83-3777582 |
| In re: | Chapter 7 |
| FOXTROT VENTURES, INCORPORATED | Case No. 24-11018 (TMH) |
| Debtor. | EIN: 46-2928250 |
| In re: | Chapter 7 |
| OUTFOX HOSPITALITY LLC | Case No. 24-11008 (TMH) |
| Debtor. | EIN: 93-4442547 |
| In re : | Chapter 7 |
| OUTFOX HOSPITALITY MIDCO LLC | Case No. 24-11009 (TMH) |
| Debtor. | EIN: N/A |

## GLOBAL NOTES AND STATEMENTS
## OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING
## THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND
## STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors (collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2

Caroline Barry has signed each set of the Schedules and Statements. Ms. Barry serves as the Secretary and Treasurer for Outfox Hospitality LLC and is an authorized signatory for each of the Debtors with respect to the Schedules and Statements. In reviewing and signing the Schedules and Statements, Ms. Barry has necessarily relied upon the efforts, statements, and representations of various personnel of the Debtors and the Debtors' legal and financial advisors. Given the scale of the Debtors' business and the complexity of the Debtors' records, Ms. Barry has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including, without limitation, statements and representations concerning amounts owed to creditors, the classification of such amounts, and creditor addresses.

The Schedules and Statements are unaudited and subject to potential amendment or supplementation. In preparing the Schedules and Statements, the Debtors relied on financial data derived from the Debtors' books and records that was available at the time of preparation. The Debtors have made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances and based upon such information as was available at the time of preparation.

## Global Notes and Overview of Methodology

1. **Description of Cases.** On May 14, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

2. **Global Notes Control.** These *Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and referenced in connection with any review of the Schedules and Statements. In the event that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

3. **Basis of Presentation.** The Schedules and Statements are unaudited and do not purport to be financial statements prepared in accordance with generally accepted accounting principles in the United States of America ("GAAP"), nor were they reconciled with the Debtors' financial statements. These Schedules and Statements represent a good faith attempt to comply with the requirements of the Bankruptcy Code and Bankruptcy Rules using commercially reasonable efforts and resources available and are subject to further review and potential adjustment.

The Debtors used reasonable efforts to attribute the assets and liabilities, certain required financial information, and various cash disbursements to each particular Debtor entity. Because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements.

4. **Reporting Date.** Unless otherwise noted herein or in the Schedules and Statements, all asset values (other than for bank accounts, other cash equivalents, and accounts receivable) contained in the Schedules and Statements and herein are as of March 31, 2024. Values

of bank accounts, other cash equivalents, and accounts receivable are as of the Petition Date. Accounts receivable are as of April 26, 2024. The values of the Debtors' liabilities are as of the Petition Date. It is possible, however, that because the Debtors ceased operations prior to the Petition Date, certain amounts invoiced to the Debtors after they ceased operations were not recorded in the Debtors' liabilities.

5.    **Foreclosure Sale.**  On May 10, 2024, the Debtors' senior lender conducted an auction for a foreclosure sale of substantially all of the Debtors' assets in which the lender had a security interest pursuant to the New York Uniform Commercial Code. The Debtors understand that there was a winning bidder for the sale of the assets of Foxtrot Ventures Incorporated, Foxtrot Retail, Inc., Foxtrot Retail D.C., LLC, Foxtrot Intermediate Texas, Inc., Foxtrot Retail Texas, Inc. and Foxtrot Holdings Texas, Inc. and that such foreclosure sale closed on May 14, 2024. None of the Debtors were parties to the sale, although the Debtors assigned certain leases to the buyer in connection therewith. The Debtors and their advisors who assisted in the preparation of the Schedules and Statements have made reasonable efforts to reflect the impact of the foreclosure sale in the Schedules and Statements but do not guarantee or warrant the accuracy or completeness thereof.

Prior to the foreclosure sale, the Debtors owned and operated stores at thirty five (35) locations. Fifteen (15) of those store locations and substantially all assets used in the operation of those store locations were sold as a result of the foreclosure sale. Those locations include: (i) 401 N. Wells Street, Chicago, IL 60654 ("Hubbard"); (ii) 171 N. Green Street, Chicago, IL 60607 ("Fulton Market"); (iii) 23 W. Maple St., Chicago, IL 60610 ("Gold Coast"); (iv) 1562 N. Wells St., Chicago, IL 60610 ("Old Town"); (v) 1576 N. Milwaukee Ave., Chicago, IL 60622 ("Milwaukee & Damen"); (vi) 233 S. Wacker Dr., Chicago, IL 60607 ("Willis Tower"); (vii) 1714 W. Division St., Chicago, IL 60622 ("Wicker Park"); (viii) 2801 N. Broadway St., Chicago, IL 60657 ("East Lakeview"); (ix) 3649 N. Clark St., Chicago, IL 60613 ("Wrigley"); (x) 6565 Hillcrest Ave., Dallas, TX 75205 ("University Park"); (xii) 1800 & 1804 S. 1st St., Austin, TX 78704 ("South 1st & Annie"); (xiii) 2822 McKinney Ave., Dallas, TX 75204 ("Uptown"); (xiv) 301 W. 2nd St., Austin, TX 78701 ("Downtown 2nd St."); (xv) 3130 Knox St., Dallas, TX 75205 ("Knox Henderson"); and 900-902 W. Armitage St., Chicago, IL 60614 ("Lincoln Park"). The assets associated with the sold store locations include but at not limited to equipment, inventory, supplies, and accounts.

6.    **Valuation.**  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of March 31, 2024.  Cash is reported based on the balances of the Debtors' bank accounts as of the Petition Date.  Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.  In some instances, the Debtors have used estimates where actual data was not available.

7.    **Currency.**  All amounts shown in the Schedules and Statements are in U.S. Dollars.

8.    **Quantification of Claims.**  Amounts that were not readily quantifiable by the

Debtors are reported as "undetermined," "unknown," or "N/A" and any such designation is not intended to reflect the magnitude or materiality of any claim.

9.      **Operating Entities.**  The Debtors operate their stores at leased locations and do not own any real property except for leasehold interests held by those of the Debtors that are the lessees under such leases. While certain Debtor entities are liable for rents and other obligations under the leases, the funds actually used by the Debtors to satisfy such obligations, along with any other monetary obligations incurred at the operational level, are supplied by Doms Market LLC and Foxtrot Ventures, Incorporated.  The lessee Debtor entities store and use certain business equipment, all of which is owned by Doms Market LLC and Foxtrot Ventures, Incorporated.

10.      **Setoffs.** The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.

11.      **Exclusions.**  The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules and Statements.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including accrued accounts payable, right of use assets and liabilities, leased equipment assets, and liabilities and deferred revenue. The Debtors also have excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases, to the extent such damage claims may exist. In addition, certain immaterial assets and liabilities may have been excluded.

12.      **Causes of Action.**  The Debtors, despite their reasonable efforts, may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant nonbankruptcy laws to recover assets or avoid transfers.

13.      **Insiders.**  For purposes of the Schedules and Statements, the Debtors defined "insiders" in accordance with the provisions of section 101(31) of the Bankruptcy Code.  Persons listed as "insiders" have been included for informational purposes only, however, and the designation of such persons as "insiders" on the Schedules and Statements does not constitute, and should not be construed as, an admission that such persons constitute insiders within the meaning of section 101(31) of the Bankruptcy Code.  Moreover, these Global Notes and the Schedules and Statements do not take any position with respect to: (a) any person's influence over the control of the Debtors; (b) the management responsibilities or functions of any such person; (c) the decision making or corporate authority of any such person; or (d) whether the Debtors or any person who may have had control over the Debtors could successfully argue that such person is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

14.      **Litigation.**  Certain litigation reflected as claims against one of the Debtors may relate to any of the other Debtors.  The Debtors have made reasonable efforts to accurately record such claims in the Schedules and Statements of the Debtors against whom such claims lie.

15.      **Guarantees and Other Secondary Liability Claims.**  The Debtors have exercised

reasonable efforts to locate and identify guarantors, co-obligors, or other secondarily-liable parties under executory contracts, unexpired leases, secured financing agreements, and other such arrangements or agreements. Where such guarantors or co-obligors have been identified, the Debtors have included them in the relevant Schedules D, E/F, G and/or H for the applicable Debtor. The Debtors may have inadvertently omitted certain guarantees or other secondary liability embedded in their contractual agreements.

16. **Totals.** All totals that are included in the Schedules and Statements represent totals of known amounts only and do not include any undetermined amounts. To the extent there are unknown or otherwise undetermined amounts, the actual total may be materially different than the listed total. Due to unliquidated, contingent and/or disputed claims, summary statistics in the Schedules and Statements may significantly understate the Debtors' liabilities.

17. **Accuracy.** The financial information disclosed herein was not prepared in accordance with GAAP, federal or state securities laws, or other applicable nonbankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against the Debtors should evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws.

## Specific Notes to the Schedules of Assets and Liabilities

### Summary of Assets and Liabilities

For financial reporting purposes, the Debtors ordinarily prepare consolidated financial statements in accordance with GAAP. The Schedules reflect the assets and liabilities of each Debtor on a nonconsolidated basis, except where otherwise indicated. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise, which may reflect consolidation, elimination and step-up in basis adjustments to the financial statements.

### Schedule A/B

#### Part 1, Item 3

The Debtors maintain approximately sixteen (16) bank accounts and utilize a cash management system in the ordinary course of business to efficiently collect, concentrate, and disburse funds generated by their operations. The account holder for eight (8) of the Debtors' bank accounts is Doms Market LLC; the account holder for seven (7) of the Debtors' bank accounts is Foxtrot Ventures, Incorporated; and the remaining one (1) of the bank accounts is held by Outfox Hospitality LLC.

#### Part 2, Items 7 & 8

The Debtors' characterization of an asset listed in Part 2, Items 7 and 8 is not a legal characterization of either a deposit or a prepayment.

ACTIVE 698159343v5

**Part 5, Items 18 to 22**

Doms Market LLC and Foxtrot Ventures, Incorporated own certain finished goods inventory, which is stored and sold at the Debtors' stores in the ordinary course of business.  All such inventory has been scheduled on Schedule A/B for Doms Market LLC and Foxtrot Ventures, Incorporated, regardless of the location where such inventory was located as of the Petition Date. Except for goods located at the Lincoln Park and Old Town stores, values of finished goods are as of March 31, 2024. Goods located at the Lincoln Park and Old Town stores are valued as of April 29, 2024.

**Part 7, Items 39 to 40 and Part 8, 50**

Doms Market LLC and Foxtrot Ventures, Incorporated own certain business equipment, as well as all fixtures, which are stored and used at the Debtors' stores in the ordinary course of business. All such equipment and fixtures have been scheduled on Schedules A/B for Doms Market LLC and Foxtrot Ventures, Incorporated, regardless of the locations where such equipment and fixtures were being stored and used as of the Petition Date.

**Part 9, Item 55**

For accounting purposes, the Debtors recorded all leasehold improvements as assets of either Doms Market LLC or Foxtrot Ventures, Incorporated. All such leasehold improvements have been scheduled on Schedule A/B for the Debtor entity who is the lessee for that location.

**Part 11, Item 72**

The Foxtrot entities and the Doms entities merged in 2023. Due to this change in circumstances, the Debtors' taxes for 2023 have not yet been completed. Accordingly, the Debtors have not included any tax refund amounts in Schedule A/B.

**Schedule D**

**Part 1, Item 2**

The claim amounts listed on Schedule D are as of the Petition Date, with the exception of auto loan amounts, which are as of March 31, 2024.

**Schedule E/F**

**Claims of Counterparties to Executory Contracts and Unexpired Leases**

Schedule E/F reflects the prepetition amounts owing as of the Petition Date to counterparties to executory contracts and unexpired leases.  Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Part 1, Item 2**

In the ordinary course of business, the Debtors incur certain personal property and sales tax obligations in the various jurisdictions in which the Debtors operate.  Such personal property tax obligations are assessed based on the equipment and other personal property stored at the locations of the Debtors' stores.  Sales tax obligations are based on taxable revenue earned by Doms Market LLC and Foxtrot Ventures, Incorporated.  As set forth above in Global Note 9 and the Specific Note on Schedule A/B, Part 5, Items 18 to 22, Doms Market LLC and Foxtrot Ventures, Incorporated own all the equipment and other personal property and all revenues generated by sales or otherwise; accordingly, all personal property and sales tax obligations have been scheduled on Schedule E/F for Doms Market LLC and Foxtrot Ventures, Incorporated, regardless of which of the Debtors' names may appear on the tax bills or statements.

**Part 2, Item 3**

Debtors Doms Market LLC and Foxtrot Ventures Incorporated sold gift cards in the ordinary course of business. As of the Petition Date, a number of outstanding gift cards had not been redeemed or tied to a user account, and the Debtors were not able to identify the recipients of these gift cards. Accordingly, the totals of such unclaimed gift cards are listed in Schedule F for those Debtors.

**Schedule G**

Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or overinclusion may have occurred in preparing Schedule G. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, or other documents, instruments, or agreements that may not be listed therein.  Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space, early termination rights, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth on Schedule G.  Further, certain of the real property leases listed on Schedule G may have been terminated prepetition. All the Debtors' real property leases are included in Schedule G regardless of any such prepetition terminations.

For unexpired leases, the amounts listed do not reflect the total liability amount that would be required to be recorded under ASC 842, which would require the total of all past and future lease payments to be reflected on the books and records.  Only past due lease payments have been listed in the Schedules.

Any and all rights, claims, and causes of action of the Debtors with respect to the agreements listed on Schedule G are hereby reserved and preserved.

ACTIVE 698159343v5

## Specific Notes to the Statements of Financial Affairs

### Part 1, Item 1

As set forth above in Global Note 10 and the Specific Note on Schedule A/B, Part 5, Item 21, Doms Market LLC and Foxtrot Ventures, Incorporated own all of the assets that produce revenue from the business of the Debtors; therefore, the Debtors have listed all gross revenue from the business of the Debtors on the Statements for Doms Market LLC and Foxtrot Ventures, Incorporated.

### Parts 3, 4, and 11

Any lists of transfers provided under Parts 3, 4, and 11 of the Debtors Statements of Financial Affairs are mutually exclusive.

### Part 13, Item 26.d

As noted herein, the Debtors (excluding Doms Market LLC and Doms Market Holdco Inc.) ordinarily prepare financial statements on a consolidated basis in accordance with GAAP for financial reporting purposes. Those Debtors issue their consolidated financial statements in the ordinary course of business. It would be a timely and burdensome task for the Debtors to go through their records to identify all financial institutions, creditors, and other parties to whom the Debtors have issued a financial statement within the two (2) years prior to the Petition Date; accordingly, the Debtors have not identified such recipients.

**Fill in this information to identify the case:**

Debtor name: Outfox Hospitality LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 24-11008

☐ Check if this is an amended filing

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:    Income

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____ | to _Filing Date_ | ☐ Operating a business<br>☐ Other | _____ |
| For prior year: | From _____ | to _____ | ☐ Operating a business<br>☐ Other | _____ |
| For the year before that: | From _____ | to _____ | ☐ Operating a business<br>☐ Other | _____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____ | to _Filing Date_ | _____ | _____ |
| For prior year: | From _____ | to _____ | _____ | _____ |
| For the year before that: | From _____ | to _____ | _____ | _____ |

**Part 2:**    **List Certain Transfers Made Before Filing for Bankruptcy**

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1 | | | ☐ Secured debt |
| | | | ☐ Unsecured loan repayments |
| | | | ☐ Suppliers or vendors |
| | | | ☐ Services |
| | | | ☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1 | | | ☐ Secured debt |
| Relationship to debtor | | | ☐ Unsecured loan repayments |
| | | | ☐ Suppliers or vendors |
| | | | ☐ Services |
| | | | ☐ Other |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.
Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 | | | |
| | Last 4 digits of account number | | |

| Part 3: | Legal Actions or Assignments |
|---|---|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| **7.1** **Name** Moore v. Foxtrot Retail, Inc., et al. **Case number** 24-cv-03272 | WARN Class Action | **Name** U.S. District Court for the Northern District of Illinois **Street** 219 S Dearborn St **City** Chicago **State** IL **Zip** 60604 | ☑ Pending ☐ On appeal ☐ Concluded |
| **7.2** **Name** Anthony Marano Co., et al. v. Dom's Market, LLC, et al. **Case number** 24-cv-03472 | Civil | **Name** U.S. District Court for the Northern District of Illinois **Street** 219 S Dearborn St **City** Chicago **State** IL **Zip** 60604 | ☑ Pending ☐ On appeal ☐ Concluded |
| **7.3** **Name** Sauber et al. v. Outfox Hospitality LLC, et al. **Case number** 24-cv-03374 | Civil | **Name** U.S. District Court for the Northern District of Illinois **Street** 219 S Dearborn St **City** Chicago **State** IL **Zip** 60604 | ☑ Pending ☐ On appeal ☐ Concluded |
| **7.4** **Name** Maravilla, et al. v. Outfox Hospitality LLC, et al. **Case number** 24-cv-03366 | WARN Act | **Name** U.S. District Court for the Northern District of Illinois **Street** 219 S Dearborn St **City** Chicago **State** IL **Zip** 60604 | ☑ Pending ☐ On appeal ☐ Concluded |
| **7.5** **Name** WeCo hospitality Inc. v. Outfox Hospitality, LLC, et al. **Case number** 2024-CH-04338 | Civil | **Name** Circuit Court of Cook County, Illinois County Department, Chancery Division **Street** 50 W Washnigton St **City** Chicago **State** IL **Zip** 60602 | ☑ Pending ☐ On appeal ☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 | | |
| Custodian's name and address | Case title | Court name and address |
| _____ | _____ | Name |
| Street | Case number | _____ |
| _____ | _____ | Street |
| City    State    Zip | Date of order or assignment | _____ |
| | _____ | City    State    Zip |

---

| **Part 4:** | **Certain Gifts and Charitable Contributions** |
|---|---|

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 | | | |
| Recipient's name | _____ | _____ | _____ |
| Street | | | |
| _____ | | | |
| City    State    Zip | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

---

| **Part 5:** | **Losses** |
|---|---|

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | |
| _____ | _____ | _____ | _____ |

| Part 6: | Certain Payments or Transfers |
|---|---|

### 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | |
| _____ | _____ | _____ | _____ |
| Email or website address | | | |
| _____ | | | |
| Who made the payment, if not debtor? | | | |
| _____ | | | |

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 | | | |
| _____ | _____ | _____ | _____ |
| Trustee | | | |
| _____ | | | |

### 13. Transfers not already listed on this statement

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | |
| _____ | _____ | _____ | _____ |
| Relationship to debtor | | | |
| _____ | | | |

| Part 7: | Previous Locations |
|---|---|

### 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | | Dates of occupancy | |
|---|---|---|---|
| 14.1 | | | |
| Street | | From _____ | to _____ |
| _____ | | | |
| City | State | Zip | |
| _____ | _____ | _____ | |

Debtor    Outfox Hospitality LLC
_____
         Name

Case number *(if known)* 24-11008

---

| **Part 8:** | **Health Care Bankruptcies** |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 <br><br> Street _____ <br><br> City _____ State ____ Zip ____ | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider <br><br> _____ | **How are records kept?** <br> Check all that apply: <br> ☐ Electronically <br><br> ☐ Paper |

---

| **Part 9:** | **Personally Identifiable Information** |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

      Does the debtor have a privacy policy about that information?

      ☐ No

      ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

      ☐ No. Go to Part 10.

      ☐ Yes. Fill in below:

| **Name of plan** | **Employer identification number of the plan** |
|---|---|
| _____ | _____ |

Has the plan been terminated?

☐ No

☐ Yes

**Part 10:** Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 Name _____ Street _____ City _____ State ___ Zip ___ | _____ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other _____ | _____ | _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 Name _____ Street _____ City _____ State ___ Zip ___ | _____ Address _____ | _____ | ☐ No ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 Name Google (Cloud) Street 1600 Amphitheatre Parkway City Mountain View State CA Zip 94043 | Further Point Acquisitions LLC Address c/o McDermott Will & Emery LLP Attn: Bradley T. Giordano 444 W Lake St Suite 4000 Chicago, IL 60606-0029 | Corporate records | ☑ No ☐ Yes |

As described in the Global Notes, certain of the Debtors' assets were sold at a foreclosure sale. The Debtors understand that these assets include access to the several off-site cloud software services used to store corporate records for all of the Debtors (including those whose assets may not have been sold).

**Part 11:**    **Property the Debtor Holds or Controls that the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | |

**Part 12:**    **Details About Environmental Information**

**For the purpose of Part 12, the following definitions apply:**

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1 Case Number | Name<br>Street<br>City State Zip | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1 Name<br>Street<br>City State Zip | Name<br>Street<br>City State Zip | | |

Debtor _Outfox Hospitality LLC_                    Case number *(if known)* 24-11008
     Name

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| City          State    Zip | City          State    Zip | | |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1<br><br>Outfox Hospitality Midco LLC<br>167 N. Green St<br>Ste 1100<br>Chicago, IL 60607 | Holding company | EIN    None<br>**Dates business existed**<br>From                 to<br>11/22/2023        Present |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1<br><br>Jeff Kuempel<br>167 N. Green St<br>Ste 1100<br>Chicago, IL 60607 | From                 to<br>3/29/2023        Present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1<br><br>PBG Financial Services Ltd.<br>1247 Waukegan Road<br>Suite 100<br>Glenview, IL 60025 | From                 to<br>1/2024        Present |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.1** | |
| Jeff Kuempel<br>167 N. Green St<br>Ste 1100<br>Chicago, IL, 60607 | |
| **26c.2** | |
| Further Point Acquisitions LLC<br>c/o McDermott Will & Emery LLP<br>Attn: Bradley T. Giordano<br>444 W Lake St<br>Suite 4000<br>Chicago, IL 60606-0029 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| **26d.1** |
| The Debtors ordinarily prepare consolidated financial statements in accordance with GAAP for financial reporting purposes. The Debtors issue their consolidated financial statements in the ordinary course of business. |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| **28.1** | | |
| Caroline Barry<br>1158 W Armitage Ave<br>Unit 207<br>Chicago, IL 60614 | Secretary and Treasurer | 0% |
| **28.2** | | |
| DKM HoldCo LLC<br>1165 Clarke St.<br>Suite 412<br>Chicago, IL 60610 | Member | 39.06% |

Debtor  <u>Outfox Hospitality LLC</u>
        Name

Case number (if known) <u>24-11008</u>

| | | |
|---|---|---|
| 28.3 | Member | 39.06% |
| Foxtrot Holdings LLC<br>167 N. Green St<br>Ste 1100<br>Chicago, IL 60607 | | |
| 28.4 | Director | 0.79% |
| Jared Stein<br>400 North Camden Drive<br>Suite 300<br>Beverly Hills, CA 90210 | | |
| 28.5 | Director (Chairman) | 0.24% |
| Jay Owen<br>c/o DOM Capital Group<br>1165 N. Clark Street<br>Suite 402<br>Chicago, IL 60610 | | |
| 28.6 | Director | 3% |
| Keith Kravcik<br>222 N. Canal Street<br>Third Floor<br>Chicago, IL 60606 | | |
| 28.7 | Director | 1.5% |
| Michael Tully<br>2850 Tigertail Ave<br>Miami, FL 33133 | | |
| 28.8 | Director | 0% |
| Robert Mariano<br>159 E. Walton Place<br>Apt 6F<br>Chicago, IL 60611 | | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held | |
|---|---|---|---|
| 29.1 | Director (CEO) | From | to |
| Liz Williams<br>1972 Port Weybridge Place<br>Newport Beach, CA 92660 | | 12/7/2023 | 3/1/2024 |

29.2

Waldemar Colon
2620 W Eastwood Ave
Chicago, IL 60625

Secretary

From
12/7/2023

to
4/1/2024

29.3

Rob Twyman
20 New Street
Portland, ME 04103

CEO

From
3/1/2024

to
4/1/2024

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |

| Relationship To Debtor |
|---|
| |

**31.Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 Outfox Hospitality LLC | EIN 93-4442547 |

**32.Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN |

**Fill in this information to identify the case:**

Debtor name: Outfox Hospitality LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 24-11008

☐ **Check if this is an amended filing**

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

5/21/2024

/s/ Caroline Barry

Signature of individual signing on behalf of debtor

Caroline Barry

Printed name

Secretary and Treasurer

Position or relationship to debtor

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☐ No

☑ Yes