**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Outfox Hospitality LLC, *et al.*[1], | ) | Case No. 24-11008 (TMH) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: June 10, 2024 at 4:00 p.m.**
**Hearing Date: June 17, 2024 at 11:00 a.m.**

**TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. §§ l05(a), 365(a) AND 554(a) AUTHORIZING THE (I) REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY EFFECTIVE AS OF THE PETITION DATE (II) REJECTION OF CERTAIN EXECUTORY CONTRACTS AND LEASES AS OF THE PETITION DATE AND (III) ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH**

Jeoffrey L. Burtch, interim chapter 7 trustee (the "Trustee") for the estates (the "Estates") of Outfox Hospitality LLC, *et al.* (the "Debtors") moves this Court (the "Motion"), pursuant to Sections 105(a), 365(a) and 554(a) of title 11 of the United States Code, 11 U.S.C. § 101 et § seq. (the "Bankruptcy Code") for entry of an order authorizing the Trustee to (i) reject, effective as of May 14, 2024 (hereafter, the "**Petition Date**"), the unexpired leases of nonresidential real property identified on Exhibit A to the Proposed Order (hereafter, "**Leases**"), (II) reject executory contracts and leases of personal property identified on Exhibit B as of the Petition Date (hereafter, "**Contracts**") and, (ii) abandon, effective as of the Petition Date, any personal property of the Debtors, including, but not limited to, furniture, fixtures, equipment and inventory (collectively,

---

[1] The Debtors in these chapter 7 cases, along with each Debtor's bankruptcy case number, are Outfox Hospitality LLC, Bk. No. 24-11008 (TMH); Outfox Hospitality Midco LLC, Bk. No. 24-11009 (TMH); Doms Market LLC, Bk. No. 24-11010 (TMH); Doms Market Holdco Inc., Bk. No. 24-11011 (TMH); Foxtrot Intermediate Texas, Incorporated, Bk. No. 24-11012 (TMH); Foxtrot Holdings Texas, Incorporated, Bk. No. 24-11013 (TMH); Foxtrot Retail Incorporated, Bk. No. 24-11014 (TMH); Foxtrot Retail DC, LLC, Bk. No. 24-11015 (TMH); Foxtrot Retail Florida, LLC, Bk. No. 24-11016 (TMH); Foxtrot Retail Texas, Incorporated, Bk. No. 24-11017 (TMH); Foxtrot Ventures, Incorporated, Bk. No. 24-11018 (TMH).

the "**Personal Property**[2]") that remains, as of the Petition Date, at the leased facilities listed on Exhibit A, except for any of Debtors' books and records that the Trustee needs for his administration of the Bankruptcy Estates.

**Parties that are receiving this Motion and whose Leases or Contracts are subject to rejection can locate their name and Leases or Contract to be rejected on <u>Exhibit A</u> and <u>Exhibit B</u> attached to the Proposed Order.** In support of this Motion, the Trustee respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief requested herein is sections 105(a), 365(a) and 554(a) of the Bankruptcy Code along with Bankruptcy Rule 9006(b)(1).

2. Pursuant to Local Rule 9013-l(f), the Trustee consents to the entry of a final order with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## GENERAL BACKGROUND

3. On May 14, 2024, the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.

4. Jeoffrey L. Burtch was appointed as interim trustee on or about May 15, 2024, pursuant to Section 701 of the Bankruptcy Code.

---

[2] For avoidance of doubt, Personal Property shall not include any claim or cause of action which the Debtors or the Estates may possess.

5.	Prior to the Petition Date, the Debtors operated grocery markets at approximately thirty-five (35) leased locations where they sold food, alcohol, groceries, and other goods. Approximately two (2) locations operated as Dom's Markets and the remaining markets operated under the Foxtrot brand. Additionally, the Debtors leased storage spaces, parking lots, and operated commissaries where grab and go food items were prepared for sale in the markets.

6.	According to the Debtors' Schedules, on the Petition Date, Debtors owed their first lien secured creditor JP Morgan Chase Bank, N.A. ("**JPM**") $5,554,719.32 (the "**Secured Debt**"). JPM has advised the Trustee that the actual amount of their Secured Debt is now close to $7,700,000.

7.	On or about April 23, 2024, the Debtors ceased all operations, terminated all employees, and closed their markets and commissaries.

8.	According to the *Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liability and Statements of Financial Affairs* ("**Global Notes**") at ¶ 5, prior to the Petition Date, on May 10, 2024, JPM conducted a foreclosure sale (the "**Article 9 Sale**") of substantially all assets that it had a security interest in and sold certain assets of Debtors Foxtrot Ventures Incorporated, Foxtrot Retail, Inc., Foxtrot Retail D.C., LLC, Foxtrot Intermediate Texas, Inc., Foxtrot Retail Texas, Inc. and Foxtrot Holdings Texas, Inc., including but not limited to, Foxtrot intellectual property and inventory, supplies, and owned equipment located at fifteen (15) locations (the "**Purchased Locations**")[3] to Further Point Acquisition LLC (the "**Buyer**"). Upon information and belief, the

---

[3] The Purchased Locations include: (i) 401 N. Wells Street, Chicago, IL 60654 ("Hubbard"); (ii) 171 N. Green Street, Chicago, IL 60607 ("Fulton Market"); (iii) 23 W. Maple St., Chicago, IL 60610 ("Gold Coast"); (iv) 1562 N. Wells St., Chicago, IL 60610 ("Old Town"); (v) 1576 N. Milwaukee Ave., Chicago, IL 60622 ("Milwaukee & Damen"); (vi) 233 S. Wacker Dr., Chicago, IL 60607 ("Willis Tower"); (vii) 1714 W. Division St., Chicago, IL 60622 ("Wicker Park"); (viii) 2801 N. Broadway St., Chicago, IL 60657 ("East Lakeview"); (ix) 3649 N. Clark St., Chicago, IL 60613 ("Wrigley"); (x) 6565 Hillcrest Ave., Dallas, TX 75205 ("University Park"); (xi) 1800 & 1804 S.

Buyer has entered into new leases with landlords of some Purchased Locations and taken assignment of real property leases at six (6) Purchased Locations. For clarification, the Trustee is not seeking to reject or modify real property leases that have been assigned to the Buyer, or in any way affect new real property leases that have been entered into or will be entered into between the Buyer and any landlord. To the extent that those leases are listed on Exhibit A, the Trustee is only seeking to reject remaining obligations of the Estates, if any.

9.      Upon information and belief, the Buyer did not purchase the Personal Property at the remaining Foxtrot locations, the commissaries, or assets of Dom's Markets, and did not take assignment of any executory contract or unexpired lease of personal property at any location (the "**Remaining Assets**").  These remaining locations are spread out between Chicago, Illinois, Washington, DC, Maryland, Virginia, Dallas, Texas and Austin, Texas (the "**Remaining Locations**").

10.     Upon information and belief, there were approximately 170 individuals in attendance at the Article 9 Sale, but no bids for the Remaining Assets were received.

11.     Since his appointment, the Trustee has been communicating with multiple landlords of the Remaining Locations and their counsel, as well as certain lessors of personal property located at the Purchased Locations and Remaining Locations.  Certain landlords have advised the Trustee that it is their position that their leases were terminated pre-petition pursuant to applicable non-bankruptcy law.

---

1st St., Austin, TX 78704 ("South 1st & Annie"); (xii) 2822 McKinney Ave., Dallas, TX 75204 ("Uptown"); (xiii) 301 W. 2nd St., Austin, TX 78701 ("Downtown 2nd St."); (xiv) 3130 Knox St., Dallas, TX 75205 ("Knox Henderson"); and (xv) 900-902 W. Armitage St., Chicago, IL 60614 ("Lincoln Park").

## SUMMARY OF RELIEF REQUESTED

12. By this Motion, the Trustee respectfully requests the entry of an order rejecting the Leases and Contracts pursuant to Sections 105(a) 365(a) and 554(a) of the Bankruptcy Code, effective as of the Rejection Date and abandoning the Personal Property located at the leased premises (the "**Premises**") identified on Exhibit A effective as of the Petition Date, May 14, 2024 (the "**Rejection Date**").

## REJECTION OF LEASES AND CONTRACTS

13. Section 365(a) of the Bankruptcy Code provides that a trustee, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease." 11 U.S.C. §365(a); see also *University Med. Ctr. v. Sullivan* (*In re University Med. Ctr.*), 973 F.2d 1065, 1075 (3d Cir. 1992). The Court may approve a trustee's rejection of an executory contract or unexpired lease if such rejection is made in the exercise of the trustee's sound business judgment, and if the rejection would benefit the estate. See, e.g., *Sharon Steel Corp. v. National Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39 (3d Cir. 1989); *NLRB v. Bildisco & Bildisco* (*In re Bildisco*), 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 (1984); *In re Patterson*, 119 B.R. 59 (E.D. Pa. 1990).

14. In order to maximize the value of the Estates and eliminate unnecessary burdens, the Trustee has determined that rejecting the Leases and Contracts will serve the Estates' best interests. The Trustee has assessed the Leases and Contracts, and determined that they have no economic value, and are not in any way helpful to the administration of the Estates.

15. Moreover, if the Leases and Contracts are not rejected, the Estates would incur ongoing post-petition obligations under the Leases and Contracts, including rent and other associated fees and costs. The Trustee has determined in his business judgment that incurring

such obligations would constitute a waste of the Estates' assets, as the cost of these obligations would far exceed whatever any marginal benefits (if any) the Estates would realize if they were to retain the Leases and Contracts.

16. Accordingly, the Trustee submits that his decision to reject the Leases and Contracts meets the standard applicable under section 365(a) of the Bankruptcy Code.

17. The Debtors are tenants under numerous real property leases and parties to executory contracts. Prior to the Petition Date, the Debtors used their leased premises to operate, store and prepare certain prepared food products and to generally conduct their business. With all operations now ceased, and certain assets sold, the Debtors' leased premises and executory contracts are no longer needed.

18. The Estates have limited funds and the Trustee has no ability to pay rent or other expenses related to the use or occupancy of the Premises, the use of personal property, and the executory contracts.

19. The Trustee has determined that the Leases and Contracts should be rejected as they provide no benefit and are burdensome to the Estates. The Trustee seeks the Court's approval for the rejection of the Leases and Contracts effective *nunc pro tunc* to the Petition Date, May 14, 2024.

## ABANDONMENT OF PERSONAL PROPERTY

20. Debtors' secured lender JP Morgan Chase Bank, N.A. has liens on substantially all of the Debtors' remaining assets. These liens extend to substantially all of the Debtors' Personal Property located at the locations listed on Exhibit A, that are not otherwise owned by third parties or subject to the rights of parties to Contracts listed on Exhibit B.

21.  The abandonment of the Personal Property is appropriate and authorized by the Bankruptcy Code. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *Id*. Courts generally give great deference to a trustee's decision to abandon property. See, e.g., *In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters"). Unless certain property is harmful to the public, once a trustee has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *Id*.

22.  To the extent that any Personal Property remains at the leased locations listed on Exhibit A as of the effective date of each rejection, the Trustee has determined that it is either: (a) fully liened by JPM so that there is no equity for the Debtors, (b) of inconsequential value; or (c) the cost of removing and storing the Personal Property for future use or sale likely exceeds its value to the Estates. Further, the remaining Personal Property, if any, is not necessary for the administration of the Estates.

23.  Moreover, any efforts by the Trustee to move or market the Personal Property could unnecessarily delay the Trustee's surrender of the Premises to the landlords and the rejection of the Leases. Accordingly, to reduce administrative costs and, in the exercise of the Trustee's business judgment, the Trustee submits that the abandonment of the Personal Property is appropriate, and in the best interests of the Estates and their creditors.

## **RESERVATION OF RIGHTS**

24.  Nothing contained in this Motion or any actions taken by the Trustee pursuant to the relief granted in the Order is intended or shall be construed as: (a) an admission that any

particular contract, agreement or lease, including without limitation the Leases and Contracts is an unexpired lease or executory contract; (b) an admission as to the validity, priority, or amount of any particular claim or right against one or more of the Estates; (b) a waiver of the Trustee's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Trustee's or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

25. Notice of this Motion has been provided to all parties subject to the Leases and Contracts, including landlords and their counsel, if known, counsel for JPM, the Secured Creditors listed on Schedule D, the Office of the United States Trustee, and all parties requesting notice pursuant to Bankruptcy Rule 2002. Therefore, the Trustee requests the Court approve the rejection of the Leases and Contracts as of the Rejection Date.

WHEREFORE, the Trustee respectfully requests that the Court enter the proposed form of Order, attached hereto (i) authorizing the rejection of the Leases identified on Exhibit A as of May 14, 2024, (ii) authorizing the rejection of Contracts listed on Exhibit B as of May 14, 2024 and (iii) abandoning all Personal Property as set forth herein as of May 14, 2024, and (iv) providing any additional relief that the Court may deem just and proper.

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman, (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420
(302) 792-7420 Fax
Skaufman@skaufmanlaw.com

Proposed counsel to Jeoffrey L. Burtch, Chapter 7 Trustee

Dated: May 31, 2024