**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

_____
                               )

In re:                          )      Chapter 7
                               )      Case No. 1:24-BK-11008 (TMH)

OUTFOX HOSPITALITY LLC, et al.[1]   )
                               )      (Jointly Administered)

                Debtors.     )
_____)

**Objection Deadline:  June 28, 2024 @ 4:00 p.m.
Hearing Date:      August 1, 2024, @ 11:00 a.m.
                        824 North Market Street
                        5th Floor, Courtroom 5
                        Wilmington, DE 19801**

## <u>MOTION BY GLN ASSOCIATES, LP AND PERSEUS 1827 ADAMS MILL INVESTMENTS LLC FOR RELIEF FROM AUTOMATIC STAY</u>

Creditors GLN Associates, LP ("GLN") and Perseus 1827 Adams Mill Investments LLC ("Perseus") (collectively referred to herein as the "DC Landlords"), by and through their counsel, and pursuant to Title 11 U.S.C §362(d), hereby file their Motion for Relief from the Automatic Stay to permit the DC Landlords to secure possession of their premises by securing judgments in the legal actions that were pending in the District of Columbia prior to the commencement of this bankruptcy proceeding.

1.      On May 14, 2024, the Debtor Foxtrot Retail DC, LLC ("Foxtrot DC") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 7 cases, along with each Debtor's bankruptcy case number, are Outfox Hospitality LLC, Bk. No. 24-11008 (TMH); Outfox Hospitality Midco LLC, Bk. No. 24-11009 (TMH); Doms Market LLC, Bk. No. 24-11010 (TMH); Doms Market Holdco Inc., Bk. No. 24-11011 (TMH); Foxtrot Intermediate Texas, Incorporated, Bk. No. 24-11012 (TMH); Foxtrot Holdings Texas, Incorporated, Bk. No. 24-11013 (TMH); Foxtrot Retail Incorporated, Bk. No. 24-11014 (TMH); Foxtrot Retail DC, LLC, Bk. No. 24-11015 (TMH); Foxtrot Retail Florida, LLC, Bk. No. 24-11016 (TMH); Foxtrot Retail Texas, Incorporated, Bk. No. 24-11017 (TMH); Foxtrot Ventures, Incorporated, Bk. No. 24-11018 (TMH).

2. Jeoffrey L. Burtch was appointed as interim trustee ("Chapter 7 Trustee") on or about May 15, 2024, pursuant to Section 701 of the Bankruptcy Code.

3. GLN and Foxtrot DC are parties to a Lease Agreement dated September 27, 2019, as amended ("GLN Lease"), whereby Foxtrot DC leases from GLN approximately 4,000 square feet of rentable space located on the entire first floor of the building at 1267 Wisconsin Avenue, N.W., Washington, D.C. 20007 ("Georgetown Premises"), and Suite 1267-71 consisting of 1,200 square feet located in the partially unfinished basement of the building at the same address. The obligations of Foxtrot DC under the GLN Lease are guaranteed by Debtor Foxtrot Ventures, Inc. under a Guarantee of even date.

4. Prior to commencement of this bankruptcy proceeding Foxtrot DC defaulted under the GLN Lease. On May 1, 2024, GLN commenced a legal proceeding to recover possession of the Georgetown Premises in the Landlord and Tenant Division for the Superior Court for the District of Columbia, styled as *GLN Associates, LP vs. FoxTrot Retail D.C., LLC, et. al.,* Case Number 2024-LTB-004658 ("GLN Possession Suit") for failure to pay pre-petition rent in the amount of $71,369.51. Monthly base rent in the amount of $37,074.41 plus pass-through expenses has continued to accrue under the GLN Lease. The initial return date for the GLN Possession Suit is scheduled for July 24, 2024.

5. Perseus and Foxtrot DC are parties to a Commercial Lease dated March 24, 2023, ("Perseus Lease") whereby Foxtrot DC leases from Perseus approximately 2,350 square feet of rentable area in the building located at 1827 Adams Mill Road, N.W., Washington, D.C. 20009 ("Adams Morgan Premises").

6. Prior to the commencement of this bankruptcy proceeding FoxTrot DC defaulted

under the Perseus Lease. On May 2, 2024, Perseus commenced a legal proceeding styled as *Perseus 1827 Adams Mill Investments LLC vs. Foxtrot Retail D.C., LLC,* Case No. 2024-LTB-004697 ("Adams Morgan Possession Suit") for rent owed of $36,458.91. Monthly base rent in the amount of $25,458.34 plus pass-through expenses has continued to accrue under the Perseus Lease. The initial return date for the Adams Morgan Possession Suit is scheduled for July 25, 2024.

7.      Foxtrot DC has not paid any post-petition rent to the DC Landlords. See Zagata Fabricators, Inc. v. Superior Air Prod., 893 F.2d 624, 627–28 (3d Cir. 1990) (If "a  debtor fails to pay rent but continues to occupy the landlord's premises, . . . the bankruptcy court may permit the landlord to pursue state law remedies such as eviction."); In re Vizstara, LLC, No. 10-49434 DHS, 2011 WL 4433593, at *4 (Bankr. D.N.J. Sept. 21, 2011) ("Failure to pay post-petition rent may be 'cause' to lift the automatic stay and permit a landlord to seek ejectment in the state court.")

8.      On May 31, 2024, the Chapter 7 Trustee filed a Motion seeking authorization to reject unexpired leases and abandon any property connected with those leases ("Motion to Reject Leases")[Dkt #44].

9.      The GLN Lease and Adams Morgan Lease are listed as leases to be rejected along with the abandonment of any furniture, fixtures or equipment ("FF&E") located at the Georgetown Premises and Adams Morgan Premises.

10.      It appears from the schedules filed in this proceeding that the FF&E located at the Georgetown Premises and Adams Morgan Premises is owned either by the Debtors Doms Market, LLC ("Doms Market") or Foxtrot Ventures, Incorporated ("Foxtrot Ventures"), or is

owned jointly by both debtors.[2]

11.     GLN is advised that JP Morgan Chase Bank ("JPM") holds a perfected security interest in the FF&E located at the Georgetown Premises and is prepared to waive its perfected security interest in the FF&E.

12.     Also located at the Georgetown Premises is FF&E leased by Camber Road Partners, Inc. ("Camber Road") and CCA Financial, LLC ("CCA").

13.     Perseus is advised that JPM holds a perfected security interest in the FF&E located at the Adams Morgan Premises and is prepared to waive its perfected security interest in the FF&E.

14.     Perseus has been advised that none of the FF&E located at the Adams Morgan Premises is leased by any third party, and therefore from the schedules filed in this proceeding that the FF&E is owned either by the Debtors Doms Market or Foxtrot Ventures, or is owned jointly by both debtors.

15.     The Trustee's Motion to Reject states that certain unidentified "intellectual property" belonging to one or more of the various Debtors (which includes DC Foxtrot) was purchased by Further Point Acquisition, LLC ("Buyer") at the Article 9 Sale held on May 10, 2024. However, the DC Landlords are not aware of what intellectual property, if any, is owned by DC Foxtrot or the other debtors which is located at either the Georgetown Premises or Adams Morgan Premises. None of the FF&E, however, was sold to the Buyer at the Article 9 Sale.

---

[2] See "Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs" [Dkt #34], at pg. 7, Part 5, Items 18-22 ("Doms Market LLC and Foxtrot Ventures, Incorporated own certain finished goods inventory, which is stored and sold at the Debtors' stores in the ordinary course of business.")

16.     The opposition date to the Motion to Reject Leases was June 10, 2024, and the hearing date is scheduled for June 17, 2024.

17.     Title 11 U.S.C. §365(g) provides that "the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease," and the Code's "rejection breach" is treated as if it were a pre-petition breach by the debtor, entitling the non-debtor party to assert a pre-petition (ordinarily general unsecured) claim for breach damages against the debtor's bankruptcy estate. See Bankruptcy Code §§ 365(g)(1), 502(g).

18.     Thus, "the landlord may pursue any remedy to which it is entitled under state law...except a remedy against the debtor personally to collect the money due." In re Rush, 9 B.R. 197, 200-01 (Bankr. E.D. Pa. 1981). So "[d]espite the discharge, a landlord can still avail itself of its statutory remedy to recover possession of premises for nonpayment of rent." In re Hepburn, 27 B.R. 135 (Bankr. E.D.N.Y. 1983).

19.     Many courts have concluded that rejection of a commercial real property lease results in the termination of the debtor's leasehold estate.[3]

---

[3] See Chatlos Sys., Inc. v. Kaplan, 147 B.R. 96, 100 (D. Del. 1992) ("When [the debtor-lessee] elected to reject the lease, obtained the order authorizing the rejection, and notified the landlords thereof, it surrendered all its rights in the premises and put the latter in a position where they could dispossess the subtenants and the tenant as well because of its neglect to pay rent under the main lease."), aff'd, 998 F.2d 1005 (3d Cir. 1993); Tebo v. Elephant Bar Restaurant, Inc. (In re Elephant Bar Restaurant, Inc.), 195 B.R. 353356  (Bankr. W.D. Pa. 1996) ("On the basis of the Chapter 7 trustee's deemed rejection of the lease between Tebo and the debtor, this Court finds that such lease is hereby legally terminated with respect to the debtor."); In re 6177 Realty Assocs., Inc., 142 B.R. 1017, 1019 (Bankr. S.D. Fla. 1992) ("I nevertheless agree with the majority of cases which hold that rejection does equal termination of non-residential real property leases in which the debtor or Trustee is the lessee."); In re Giles Assocs., Ltd., 92 B.R. 695, 596 (Bankr. W.D. Tex. 1988); In re Gillis, 92 B.R. 461 (Bankr. D. Haw. 1988) ("[A] automatic rejection of the lease under § 365(d)(4) terminates a lease as to all parties, including creditors."); In re Southwest Aircraft Services, Inc., 53 B.R. 805, 810 (Bankr. C.D. Cal. 1985), rev'd on other grounds, 831 F.2d 848 (9th Cir. 1987) ("By requiring that upon rejection under § 365(d)(4), "the trustee shall immediately surrender such nonresidential real property to the lessor," it is clear Congress intended that rejecting a lease terminates the lease."); In re Hawaii Dimensions, Inc., 39 B.R. 606 (Bankr. D. Haw. 1984), aff'd, 47 B.R. 425 (D. Haw. 1985) ("The interrelationship of § 365(h) and § 502(b)(7), the former referring to rejection and the latter to termination, further reveal the intent of Congress that the effect of a debtor lessee's rejection is the termination of the landlord-tenant relationship.")

20.    The DC Landlords respectfully submit that due to the rejection of the GLN Lease and Perseus Lease it is not necessary to secure relief from the automatic stay in order to pursue a judgment for possession in the GLN Possession Suit and the Perseus Possession Suit and recover possession of the Georgetown Premises and Adams Morgan Premises. As held by several courts:

> Only a very curious reading of the law would attempt to deny a landlord the right to possession specifically granted by §365(d)(4) based upon the proposition that, before it can exercise that right, the landlord must first seek relief from the automatic stay. Thus, when the lease was deemed rejected, the automatic stay as to the leased premises was terminated as well. In re U.S. Fax, Inc., 114 B.R. 70, 72 (D.E.D.Pa.1990); In re Damianopoulos, 93 B.R. 3, 6 (Bankr.N.D.N.Y.1988). See also In re Urbanco, Inc., 122 B.R. 513, 520 (Bankr.W.D.Mich.1991) (landlord was not required to seek relief from the stay before attempting to enforce its right to possession).

In re Salzer, 180 B.R. 523, 528 (Bankr. N.D. Ind. 1993), *subsequently aff'd sub nom*. Matter of Salzer, 52 F.3d 708 (7th Cir. 1995). Similarly, the Court in In re Neville, 118 B.R. 14, 18 (Bankr. E.D.N.Y. 1990) held as follows:

> The language of Section 362(b)(10) clearly indicates that it is not necessary for a landlord to move in the Bankruptcy Court to vacate the automatic stay when the Debtor is operating under a lease of non-residential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title. The landlord may do whatever is necessary and appropriate under state law to obtain possession of such property. See In re Northeastern Int'l Airways, Inc., 56 B.R. 247 (S.D.Fla.1986); In re Damianopoulos, 93 B.R. 3 (Bankr.N.D.N.Y.1988); In re Hejco, Inc., 87 B.R. 80 (Bankr.D.Neb.1988); In re Memphis–Friday's Associates, 88 B.R. 830 (Bankr.W.D.Tenn.1988).

21.    Nevertheless, out of an abundance of caution due to a lack of uniformity in the case law, and in order to satisfy any concerns the Landlord and Tenant Court may have due to the pending bankruptcy proceeding regarding its authority to order possession of the Adams Morgan Premises and Georgetown Premises restored to the Perseus Landlord and GLN Landlord, respectively, the DC Landlords request entry of the accompanying order granting the requested

relief declaring that the automatic stay, to the extent applicable, is deemed lifted for purposes of allowing the DC Landlords to secure possession of the Adams Morgan Premises and Georgetown Premises.

22.     Section 362(d) provides that bankruptcy courts shall grant creditors or other interested parties relief from the automatic stay for: (1) "cause, including lack of adequate protection" or, in the alternative, (2) with respect to a stay against a debtor's property if there is no equity in the property and it is not necessary for an effective reorganization. 11 U.S.C. § 362(d). Cause" is not defined in the Bankruptcy Code. However, courts have described it as "a broad and flexible concept" and the "bankruptcy court has the discretion to determine whether equity dictates lifting the stay on a case-by-case basis." In re Vizstara, LLC, 2011 WL 4433593, at *4 (Bankr. D.N.J. Sept. 21, 2011); In re Schellhamer, 2009 WL 222427, at *5 (Bankr. M.D. Pa. Jan. 29, 2009) "(When a debtor fails to pay rent, but continues to occupy the leased premises, "cause" to obtain relief from the stay is established.")

23.     For the foregoing reasons, the DC Landlords submit there is ample cause to lift the automatic stay as requested herein.

24.     The DC Landlords consent to entry of final orders by this Court.

**WHEREFORE,** GLN Associates, LP and Perseus 1827 Adams Mill Investments LLC, respectfully request the Court enter the proposed form of the Order attached hereto authorizing the Landlord to secure a judgment for possession of the Adams Morgan Premises and Georgetown Premises, and such other relief the Court deems just and appropriate.

Respectfully Submitted,

/s/ Bradshaw Rost
Bradshaw Rost, Esq.
Tenenbaum & Saas, P.C.
4504 Walsh Street, Suite 200
Chevy Chase, Maryland 20815
(301) 961-5300 – Phone
brost@tspclaw.com
Pro Hac Vice for GLN Associates, LP and
Perseus 1827 Adams Mill Investments LLC


/s/ Ronald J Drescher
Ronald J. Drescher, Esq. #4087
Drescher & Associates, P.A.
One Commerce Center
1201 N. Orange Street, Suite 732
Wilmington, DE 19801
rondrescher@drescherlaw.com
Counsel for GLN Associates, LP and
Perseus 1827 Adams Mill Investments LLC