IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Outfox Hospitality LLC, *et al.*[1], | ) | Case No. 24-11008 (TMH) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related Docket No. 44 & 79** |

**ORDER APPROVING TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. §§ l05(a), 365(a) AND 554(a) AUTHORIZING THE (I) REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY EFFECTIVE AS OF THE PETITION DATE (II) REJECTION OF CERTAIN EXECUTORY CONTRACTS AND LEASES AS OF THE PETITION DATE AND (III) ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH**

Upon the *Trustee's Motion Pursuant To 11 U.S.C. §§ 105(a), 365(s) and 554(a) Authorizing the (I) Rejection of Certain Unexpired Leases of Nonresidential Real Property Effective as of the Petition Date (II) Rejection of Certain Executory Contracts and Leases as of the Petition Date and (III) Abandonment of Property In Connection Therewith* (the "Motion")[2], the Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue of these cases and the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) notice of the Motion and the hearing was sufficient under the circumstances; and (v) upon the record herein, and after due deliberation, good and sufficient cause exists for the relief requested. Accordingly, it is hereby

---

[1] The Debtors in these chapter 7 cases, along with each Debtor's bankruptcy case number, are Outfox Hospitality LLC, Bk. No. 24-11008 (TMH); Outfox Hospitality Midco LLC, Bk. No. 24-11009 (TMH); Doms Market LLC, Bk. No. 24-11010 (TMH); Doms Market Holdco Inc., Bk. No. 24-11011 (TMH); Foxtrot Intermediate Texas, Incorporated, Bk. No. 24-11012 (TMH); Foxtrot Holdings Texas, Incorporated, Bk. No. 24-11013 (TMH); Foxtrot Retail Incorporated, Bk. No. 24-11014 (TMH); Foxtrot Retail DC, LLC, Bk. No. 24-11015 (TMH); Foxtrot Retail Florida, LLC, Bk. No. 24-11016 (TMH); Foxtrot Retail Texas, Incorporated, Bk. No. 24-11017 (TMH); Foxtrot Ventures, Incorporated, Bk. No. 24-11018 (TMH).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

**ORDERED that:**

1. The Motion is GRANTED as set forth herein.

2. The Leases and Contracts set forth on the <u>Exhibit A</u> and <u>Exhibit B</u> attached hereto are rejected pursuant to 11 U.S.C. § 365(a) as of May 14, 2024; *except for* the Leases identified as "Bethesda – 4827 Bethesda Ave" and "1165 North Clark Street" listed on <u>Exhibit A</u>, which shall be rejected as of May 31, 2024 (collectively, the "<u>Rejection Date</u>"). As of the Rejection Date, the Trustee shall be deemed to have surrendered the leased Premises to the Landlords, and shall be deemed to have given, granted, and surrendered unto Landlords all of the Trustee's, the bankruptcy estates', and the Debtors' right of possession, title and interest in and to the leased Premises, including, without limitation, all of the Debtors' right, title and interest in, to and under the Leases, and the Landlords hereby accept such surrender without prejudice or waiver of any claim for damages under the leases and further, the Landlords are granted relief from the automatic stay pursuant to 11 U.S.C. §362(d) to recover possession of the leased premises in accordance with the laws of the applicable jurisdiction where the premises are located.

3. Any Personal Property owned by the Debtors remaining at the leased Premises listed on Exhibit A, which may be subject to JP Morgan Chase Bank N.A.'s ("<u>JPMorgan</u>") security interests, if any, and that is not otherwise owned by third parties or subject to the rights of the parties to Contracts listed on Exhibit B (the "<u>Non-Debtor Property</u>"), is abandoned pursuant to 11 U.S.C. §554(a) (the "<u>Abandoned Property</u>"), except for electronic or paper books and records that are needed by the Trustee for administration of the Estates which are not abandoned. JPMorgan hereby acknowledges it consents to the abandonment of perishable food and other supplies (paper labels, food containers, etc.) free and clear of its liens, claims, encumbrances or interests, if any, as of the Rejection Date.

4. As of the Rejection Date, Landlords shall be authorized, in their sole and absolute discretion, to utilize and/or dispose of such Abandoned Property without further notice or liability to the Trustee, the Debtors' estates, the Debtors or any consenting third parties, and to the extent necessary, the automatic stay shall be modified to allow such use or disposition of any Abandoned Property; *provided*, *however*, Abandoned Property shall not include and nothing herein is intended to impair (or enhance) any ownership rights of third parties or the rights of the parties to Contracts listed on Exhibit B in Non-Debtor Property.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission that any particular contract, agreement or lease, including without limitation the Leases and Contracts is an unexpired lease or executory contract; (b) an admission as to the validity, priority, or amount of any particular claim or right against one or more of the Estates; (b) a waiver of the Trustee's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Trustee's or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

6. Nothing in this order shall be construed to affect, limit, modify or extinguish any rights of any party under or pursuant to that certain Assignment and Assumption of Lease Agreement by and among Foxtrot Ventures, Inc., as Assignor, Further Point Acquisitions, LLC, as Assignee, and W-SF Goldfinger Owner VIII, L.L.C., as Landlord, dated as of May 14, 2024, related to that certain Lease Agreement between W-SF Goldfinger Owner VIII, L.L.C., as

3

Landlord, and Foxtrot Ventures, Incorporated, as Tenant, dated May 28, 2021 and pertaining to Tenant's use of certain retail space located at 171 North Green Street in Chicago, Illinois.

7. Nothing in this order shall be construed to reject or modify real property leases for Purchased Locations that were assigned by Debtors to Further Point Acquisitions, LLC ("Further Point") prior to the bankruptcy, or in any way affect new real property leases that have been entered into or will be entered into between Further Point and any landlord. To the extent that those leases for Purchased Locations are listed on Exhibit A, the Trustee is only rejecting remaining obligations of the Estates, if any.

8. Landlords, FR Bethesda Row, LLC (formerly Street Retail, LLC) and 1165 Property Owner LLC (the "Ballard Landlords") whose Leases shall be deemed rejected as of May 31, 2024 pursuant to Paragraph 1 of this Order, hereby agree to waive any administrative claims against the estate arising from the Petition Date through the Rejection Date; provided, further, in relation to any prepetition security deposits that such Ballard Landlords and GLN Associates, LP, Perseus 1827 Adams Mill Investments LLC and 1341 LLC (the "Tenenbaum & Saas Landlords"), and the Debtors may maintain in relation to their Leases, the Ballard Landlords and Tenenbaum & Saas Landlords are granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to setoff and/or recoup the security deposits against any prepetition debt owed to the Ballard Landlords or Tenenbaum & Saas Landlords pursuant to the Leases.

9. Landlord, 900 C LLC, is granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to (i) setoff and/or recoup the $53,320.50 security deposit provided by Foxtrot Ventures, Incorporated ("FVI") against any prepetition debt owed to it pursuant to its leases with FVI; and (ii) dispose of any frozen food, dry food and other supplies (paper labels, food containers, etc.) located at the 900 C leased premises.

10. Notwithstanding any procedural rules that may be interpreted to provide for a stay, the relief provided in this Order shall be effective immediately.

11. The Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

*Thomas M. Horan*

**Dated: June 18th, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**